UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE DIVISION)

| | |
|---|---|
| ECLIPSE SERVICE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2022-cv-757 |
| v. ) | |
| ) | |
| SOLARCODE, LLC, ) | **JURY TRIAL DEMANDED** |
| SOLARCODE HOLDINGS, LLC, ) | |
| ROGER M. LEHNER, and ) | |
| ROBIN L. LEHNER, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Solarcode, LLC, Solarcode Holdings, LLC, Roger M. Lehner, and Robin L. Lehner (collectively "Defendants"), by and through their attorneys K&L Gates LLP, hereby respond to Plaintiff, Eclipse Service Inc.'s ("Plaintiff") Complaint filed May 10, 2022 in Milwaukee County Circuit Court as Case No. 2022CV003016 as follows:

1. Eclipse Service Inc. ("Eclipse") is a Wisconsin corporation with a principle office located at 10031 S. Woodside Court, Franklin, Wisconsin 53132.

**ANSWER:** Defendants admit the allegations in paragraph 1.

2. Defendant Solarcode, LLC ("Solarcode") is, upon information and belief, a Delaware limited liability company with a principle office address at 4343 East Camelback Road, Suite 210, Phoenix, Arizona 85018.

**ANSWER:** Defendants admit Solarcode is a Delaware limited liability company, but deny the remaining allegations in paragraph 2.

3. Defendant Solarcode Holdings, LLC is, upon information and belief, a Delaware limited liability company located at 4343 East Camelback Road, Suite 210, Phoenix, Arizona 85018, and owns 100% of the membership units of Solarcode.

**ANSWER:** Defendants admit Solarcode Holdings is a Delaware limited liability company, and further state that the allegations in paragraph 3 contain conclusions of law which no response is required and therefore deny the remaining allegations in this paragraph.

4. Defendant Roger M. Lehner is, upon information and belief, an adult resident of the state of Arizona, located at 4343 East Camelback Road, Suite 210, Phoenix, Arizona 85018.

**ANSWER:** Defendants deny the allegations in paragraph 4.

5. Defendant Robin L. Lehner is, upon information and belief, an adult resident of the state of Nevada, residing at 9501 Balatta Canyon Court, Las Vegas, Nevada 89144.

**ANSWER:** Defendants admit the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this dispute under Wis. Stat. § 801.04(2).

**ANSWER:** Defendants state that the allegations in paragraph 6 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

7. This court has personal jurisdiction over the defendants pursuant to their contractual submission to the jurisdiction of this Court.

**ANSWER:** Defendants state that the allegations in paragraph 7 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

8. Venue is proper before this Court pursuant to the defendants' contractual submission to Plaintiff's choice of venue.

**ANSWER:** Defendants state that the allegations in paragraph 8 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

# BACKGROUND FACTS

9. On January 13, 2022, Solarcode, Roger M. Lehner and Robin L. Lehner (collectively, "Makers"), for valuable consideration, issued a Business Note to Eclipse (the "Note").

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 9, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied. Defendants further state that the allegations in paragraph 9 contain conclusions of law which no response is required and therefore Defendants deny the allegations in this paragraph.

10. A true and correct copy of the Note is attached hereto at **Exhibit A** and its terms are incorporated herein by reference.

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 10, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

11. Eclipse is the lawful owner and holder of the Note.

**ANSWER:** Defendants state that the allegations in paragraph 11 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

12. Pursuant to the terms of the Note, Makers jointly and severally promised to make the following payments to Eclipse (the "Scheduled Payments"):

   a) $60,000, due on or before February 15, 2022;
   b) $30,000, due on or before February 28, 2022;
   c) $30,000, due on or before March 15, 2022;
   d) $30,000, due on or before March 31, 2022;
   e) $765,000, due on or before April 15, 2022; and
   f) $3,000,000, payable in four (4) annual installments of $750,000 due on or before January 15 of each year beginning in 2023 and continuing until 2026

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 12, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied. Defendants further state that the allegations in paragraph 12 contain conclusions of law which no response is required and therefore Defendants deny the allegations in this paragraph.

13. Pursuant to the terms of the Note, Makers agreed to pay a daily delinquency charge equal to 10% of any unpaid amounts due under the Note for each day that said amounts remain unpaid (the "Delinquency Charges").

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 13, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

14. Pursuant to the terms of the Note, Makers also agreed to pay all of Eclipse's costs to collect sums due under the Note both before and after judgment, including reasonable attorneys' fees (the "Costs of Collection").

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 14, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

15. Upon information and belief, Solarcode Holdings, LLC owns 100% of the total membership interests in Solarcode.

**ANSWER:** Defendants state that the allegations in paragraph 15 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

16. To secure Makers' payment and performance obligations under the Note, Solarcode Holdings, LLC executed and delivered to Eclipse a collateral assignment of its membership interest in Solarcode, a copy of which is attached hereto at **Exhibit B** (the "Collateral Assignment").

**ANSWER:** Defendants state that the Collateral Assignment is the best evidence of the content and factual assertions set forth in paragraph 16, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

17. Eclipse perfected its right, title and interest in and to said membership interest of Solarcode Holdings, LLC by filing a UCC financing statement with the Delaware Department of State on May 6, 2022, Filing # 2022 3840592.

**ANSWER:** Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

## COUNT I: MONEY JUDGMENT AGAINST MAKERS

18. Eclipse realleges and incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Defendants reallege and incorporate all preceding paragraphs of this Answer as if fully set forth herein.

19. Makers have failed and refused to make any of the Scheduled Payments when due under the terms of the Note.

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 19, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied. Defendants further state the referenced undefined terms of the Note are capable of multiple interpretations, and, accordingly, Defendants deny the allegations of this paragraph.

20. Makers' failure to make Scheduled Payments when due constitute events of default under the terms of the Note.

**ANSWER:** Defendants state that the allegations in paragraph 20 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

21. Specifically, Makers defaulted under the Note upon the first of their missed Scheduled Payments which was due on February 15, 2022.

**ANSWER:** Defendants state that the allegations in paragraph 21 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

22. Pursuant to the terms of the Note, upon the occurrence of event of a default, the unpaid balance of the Note shall, at the option of Eclipse, without any requirement of notice, mature and become immediately payable.

**ANSWER:** Defendants state that the Note is the best evidence of the content and factual assertions set forth in paragraph 22, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

23. To the extent it has not already done so, Eclipse hereby accelerates and demands payment of the unpaid balance of the Note (an amount which equals $3,915,000.00), plus the Delinquency Charges, plus its Costs of Collection.

**ANSWER:** Defendants state that the statement made in paragraph 23 is not an allegation and therefore does not require a response; but to the extent a response is required, Defendants deny the allegations in this paragraph.

24. Eclipse is therefore entitled to a declaration quantifying the Note indebtedness of Makers, including the accelerated Scheduled Payments, plus the Delinquency Charge, plus all Costs of Collection (collectively, the "Markers' Indebtedness").

**ANSWER:** Defendants deny the allegations in paragraph 24.

25. Eclipse is therefore further entitled to a money judgment in its favor and against Makers, jointly and severally, in the amount of the Makers' Indebtedness.

**ANSWER:** Defendants deny the allegations in paragraph 25.

**COUNT II: ORDER DIRECTING TURNOVER OF MEMBERSHIP INTEREST**

26. Eclipse realleges and incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Defendants reallege and incorporate all preceding paragraphs of this Answer as if fully set forth herein.

27. Pursuant to the terms of the Collateral Assignment of Membership Interest, Solarcode Holdings, LLC assigned its membership interest in and to Solarcode to Eclipse, and Eclipse accepted Solarcode's assignment of said membership interest to secure Makers' payment and performance obligations under the Note.

**ANSWER:** Defendants state that the Collateral Assignment is the best evidence of the content and factual assertions set forth in paragraph 27, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

28. According to the terms of the Collateral Assignment of Membership Interest, Eclipse rights thereunder, including the assumption of Solarcode Holding, LLC's membership interest in Solarcode, shall be exercisable in the event of a default under the Note.

**ANSWER:** Defendants state that the Collateral Assignment of Membership Interest is the best evidence of the content and factual assertions set forth in paragraph 28, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied. Defendants further state that the allegations in paragraph 28 contain conclusions of law which no response is required and therefore Defendants deny the allegations in this paragraph.

29. As a result of Makers' default under the Note, Eclipse is now entitled to Solarcode Holding, LLC's membership interest in Solarcode.

**ANSWER:** Defendants state that the allegations in paragraph 29 contain conclusions of law which no response is required and therefore deny the allegations in this paragraph.

30. As such, Eclipse is entitled to an order directing the immediate turnover of the Solarcode Holding, LLC's membership interest in Solarcode to it, along with all assets, books and records of Solarcode (including without limitation all tools, keys, logins, and passwords to effectuate the turnover of the same to Eclipse).

**ANSWER:** Defendants deny the allegations in paragraph 30.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Solarcode LLC, Solarcode Holdings, LLC, Roger M. Lehner, and Robin L. Lehner, deny that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause, and respectfully request that the Court dismiss the Complaint in its entirety and enter judgment in favor of Defendants and against Plaintiff.

**JURY TRIAL DEMANDED**

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants assert the following defenses:

**FIRST DEFENSE:** The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE:** Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel because Plaintiff is requesting double damages (monetary damages and assignment of Defendants' 100% membership interest) based on a single breach of contract theory.

**THIRD DEFENSE:** Plaintiff's claims are barred, in whole or in part, by the equitable principle of unjust enrichment.

**FOURTH DEFENSE:** Plaintiff's claims are barred or partially reduced based on the valuation of Defendants' pre-judgment total membership interest in Solarcode Holdings, LLC.

**FIFTH DEFENSE:** Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the alleged Note's terms provide for payment of interest in violation of the Wisconsin Statutes.

**SIXTH DEFENSE:** Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the alleged Note's acceleration terms are in violation of the Wisconsin Statutes.

**SEVENTH DEFENSE:** Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the alleged Note's acceleration terms are unconscionable.

**EIGHTH DEFENSE:** Plaintiff's claims are barred, in whole or in part, by one or more of Defendants' lack of capacity.

**NINTH DEFENSE:** Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

**TENTH DEFENSE:** Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH DEFENSE:** Defendants reserve the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

**Dated:** June 30, 2022

                                    Respectfully submitted,

                                    By:*/s/ Ketajh Brown*
                                         Ketajh M. Brown

                                  **K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60602
(312) 372-1121
ketajh.brown@klgates.com

*Attorneys for Defendants Solarcode, LLC, Solarcode Holdings, LLC, Roger M. Lehner, and Robin L. Lehner*