UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ECLIPSE SERVICE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-00757-JPS |
| v. | ) |
| | ) Honorable J.P. Stadtmueller |
| SOLARCODE LLC, | ) |
| SOLARCODE HOLDINGS, LLC, | ) |
| ROGER M. LEHNER, and | ) |
| ROBIN L. LEHNER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ROBIN L. LEHNER'S BRIEF IN SUPPORT OF**

**RULE 45(d) MOTION TO QUASH SUBPOENA**

## INTRODUCTION

This case involves the enforcement of a promissiory note. Eclipse Service Inc. ("**Plaintiff**") seeks to enforce a promissory note that Robin L. Lehner ("**Defendant**") disputes. In its discovery requests served on Defendant on July 25, 2022 and October 4, 2022, Plaintiff requested documents related to Defendant's physical and mental health. Subsequently, Plaintiff served a subpoena on Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights (the "**Golden Knights**"), Defendant's employer, commanding it to produce documents related Defendant's physical and mental health. Defendant objects to these requests on the grounds that Defendant's physical health is irrelevant. Indeed, although Defendant's mental health was put in issue in the instant case as part of his defense, any physical health issue is distinct and unrelated. In addition, all documents related to Defendant's mental health can be obtained through Defendant's sole mental health provider without embarrassing Defendant by involving his

1

employer.

## STATEMENT OF FACTS

On or about May 10, 2022, Plaintiff filed its Complaint alleging that Defendant failed to make scheduled payments due under a business note dated January 13, 2022, and thereby owes Plaintiff the payment of the unpaid balance of the business note, the payment of the delinquency charges and the costs of collection (the "**Complaint**"). On or about June 30, 2022, Defendant filed his Answer to the Complaint asserting, among others, an affirmative defense that Defendant lacked capacity.

On or about October 18, 2022, Plaintiff served the Golden Knights, Defendant's Employer, with a subpoena commanding them to produce all documents signed by Defendant as well as all documents related to Defendant's physical and mental health. A copy of the subpoena is attached to the Declaration of Patrick Downes (filed concurrently herewith) as EXHIBIT A (see request nos. 4 through 11) ("Downes Decl.").

On July 25, 2022, Plaintiff had previously requested from Defendant "all medical records between January 1, 2019, and January 13, 2022, related to or reflecting your physical, mental, or emotional health." *Id.* ¶ 3. On October 4, 2022, Plaintiff also served a second set of discovery requests requesting "copies of all healthcare provider records pertaining to the examination or treatment of your mental health during the period from January 1, 2019 to present." *Id.* ¶ 4, Exh. B. Defendant agreed to ask his medical provider for these records and will produce them to Plaintiff.

In issuing the Subpoena to the Golden Knights, Plaintiff requests information that is either in the possession of and under the control of Defendant or in the possession and under the control of Defendant's healthcare provider. Moreover, Plaintiff's requests regarding all documents related

to Defendant's physical health are irrelevant as Defendant's physical health is not at issue in the instant case. Accordingly, counsel scheduled a meet and confer on November 3, 2022, to discuss its objections to the Subpoena (the "**Meet and Confer**"). *Id.* ¶5.

During the Meet and Confer, Defendant's counsel presented objections to the document production requests. Plaintiff's counsel denied the objections and neither suggested nor agreed to any limitations to the requests directed at Golden Knights relating to Defendant's physical and mental health. Defendant consequently moves to quash such portion of the Subpoena.

## ARGUMENT

Under Federal Rule of Civil Procedure ("**FRCP**") 45(d)(1), a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). In addition, Rule 45(d)(3)(A) requires courts to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The party seeking to quash a subpoena bears the burden to demonstrate that the requests for production are unreasonable or oppressive. *U.S. v. Corbett*, 2008 WL 2095740 at *1 (2008). Defendant contends that the request for documents related to Defendant's physical health is overbroad and unduly burdensome as they are irrelevant to the instant case and that the requests for documents related to Defendant's mental health are unduly burdensome as they unnecessarily involve a third-party not related to the case.

Defendant's physical health is not at issue in the instant case. Neither Defendant nor Plaintiff has referred to Defendant's physical health in their allegations or defense. A subpoena seeking irrelevant information imposes an undue burden. Fed.R.Civ.P. 45(d)(3)(A)(iv); *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 993 (2002) (citing *Fid. & Deposit Co. of Maryland v. Edward E. Gillen Co.*, No. 13-C-1291, 2015 WL 403817, at *1 (2015)). Here, there is no

3

Case 2:22-cv-00757-JPS    Filed 11/21/22    Page 3 of 7    Document 17-1

indication of nor has Plaintiff provided any element to show that Defendant's physical health is relevant to the alleged owed payments under the business note.

During the Meet and Confer, Plaintiff's counsel alleged that the physical health records were requested to the extent they refer to or reflect on Defendant's mental health. This is a non-sequitur and makes the physical health requests redundant with Plaintiff's requests for mental health records. Defendant does not object to mental health records although Defendant does not believe the deponent has such records. But a document assessing Defendant's physical health that lacks any reference to his mental health is plainly irrelevant to any issue here.

In addition, any relevant information relating to Defendant's mental health can be obtained through the request of Defendant's mental health records, as also requested by Plaintiff. The fact that Defendant's mental health is at issue in the instant case does not mean Defendant's physical health is also at issue. In *Capetta v. GC Services Ltd.*, the court held that "[t]he scope of discovery into the sensitive area of private medical information 'should be limited and confined to that information that is essential to a fair trial.'" *Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126 (2009). Given it is Defendant's mental health which is at issue for the limited purpose of determining Defendant's mental capacity, production of documents should be limited to Defendant's mental health records. Plaintiff has no substantial need for Defendant's physical health records and is thereby imposing an undue burden on Defendant's employer.

Further, Defendant's mental health records can, and have been, requested directly from Defendant. Downes Decl., Exh. B. Requesting Defendant's mental health records from Defendant's employer, the Golden Knights, is unduly burdensome as it unnecessarily involves a third-party not related to the case. A court "must limit the frequency or extent of discovery otherwise allowed by [the rules] if it determines . . . the discovery sought is unreasonably

4

Case 2:22-cv-00757-JPS   Filed 11/21/22   Page 4 of 7   Document 17-1

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). In *Am. Broad. Cos., Inc. v. Aereo, Inc.*, the court held that there was potential harm to the non-party when a party to the case, CBS, has equal access to the requested documents and Area had asked CBS to produce the documents in the underlying action. *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 2013 WL 5276124 at *6 (2013); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena.")

Here, as previously mentioned, Plaintiff has served requests for documents upon Defendant which include medical records related to Defendant's mental health. Defendant is working to obtain those documents from his doctor. There is no indication that the Golden Knights would have any additional documents which could not be provided by Defendant or his physician. In *E.E.O.C. v. Rexnord Indus., LLC*, the court partially quashed Defendant's subpoena requesting medical records, when Defendant could seek these documents through less intrusive means, such as through the medical providers. *E.E.O.C. v. Rexnord Indus., LLC*, No. 11-CV-777, 2012 WL 2525652, at *9 (2012) There is no reason why Plaintiff would issue the Subpoena to a non-party, Defendant's employer, impeding on Defendant's professional relationship, when Plaintiff has requested the documents directly from Defendant or could request or subpoena them from Defendant's medical provider.

Last, Defendant has standing to challenge the subpoenas issued to the Golden Knights because he claims "a personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty". *Davis v. Gen. Accident Ins. Co. of Am.*, No. 98-4736, 1999 WL 228944, at *2 (1999). Generally "a motion to quash or modify a subpoena duces tecum may

only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *National Ben. Programs, Inc. v. Express Scripts, Inc.*, 2011 WL 6009655 at *3 (2011). Here, the documents requested in the Subpoena relate to Defendant's health and medical history and thereby Defendant has standing to move to quash the Subpoena.

**WHEREFORE**, Defendant respectfully asks the Court for the following relief:

a. enter an order granting Defendant's motion to quash Plaintiff's subpoena for the production of documents directed to the Golden Knights which requests all documents related to Defendant's physical and mental health; and

b. such other relief as the Court deems just and proper.

Dated this 21st day of November, 2022

Respectfully submitted,

By: */s/ Patrick Downes*
Patrick Downes
**MANTEAU DOWNES LLP**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Tel. 310-497-1780
pdownes@manteaudownes.com
***Attorneys for Defendant Robin L. Lehner***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and accurate copy of the foregoing to be transmitted to all counsel of record as of this date by filing same through the Court's ECF/CM system on November 21, 2022.

*/s/ Patrick Downes*
Patrick Downes
