UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

|  |  |  |
|---|---|---|
| ECLIPSE SERVICE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-00757-JPS |
| v. | ) | |
| | ) | Honorable J.P. Stadtmueller |
| SOLARCODE LLC, | ) | |
| SOLARCODE HOLDINGS, LLC, | ) | |
| ROGER M. LEHNER, and | ) | |
| ROBIN L. LEHNER, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF PATRICK DOWNES IN SUPPORT OF
RULE 45(d) MOTION TO QUASH SUBPOENA**

PATRICK DOWNES, declares and states as follows:

1. I am a partner at Manteau Downes LLP, attorneys for Defendant Robin L. Lehner ("**Defendant**"). I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. On or about October 18, 2022, Plaintiff Eclipse Service, Inc. ("**Plaintiff**") served Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights (the "**Golden Knights**"), Defendant's Employer, with a subpoena commanding them to produce all documents related to Defendant's physical and mental health. A true and correct copy of the subpoena is attached hereto as EXHIBIT A.

3. Plaintiff has requested Defendant's mental health records in two prior document requests directed to Defendant. On or about July 25, 2022, a first set of discovery requests on Defendant sought "all medical records between January 1, 2019, and January 13, 2022, related to

1

or reflecting your physical, mental, or emotional health."

4. On October 4, 2022, Plaintiff served document requests asking Defendant to produce, *inter alia*: "copies of all healthcare provider records pertaining to the examination or treatment of your mental health during the period from January 1, 2019 to present." A true and correct copy of Plaintiff's second set of discovery requests is attached hereto as <u>EXHIBIT B</u>. Defendant's doctor, and only mental health provider, has been asked for these records and Defendant agrees to produce these documents to Plaintiff.

5. On November 3, 2022 the parties met and conferred regarding Defendant's objections to the subpoena. During this conference, Defendant stated that the request for physical records was irrelevant to any issue here. Plaintiff justified the request since the inclusion or omission of a reference to Defendant's mental health in a physical health record is supposedly probative. Plaintiff's justification does not outweigh the burden imposed on Defendant's employer for two reasons. First, to the extent the physical records lack any reference to mental health, such documents are not probative of defendant's mental health. The absence of any such notation means nothing since these providers were not focused or even qualified to provide a mental health diagnosis. For example, the fact that defendant needed two hip surgeries is of no moment here. It is undisputed Defendant consented to various procedures regarding his physical health. Second, Defendant's mental health records were not shared with the team and, on information and belief, the physical records lack any reference to Defendant's mental health, or any such reference is at best *de minimus*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of November, 2022

*/s/ Patrick Downes*_____
Patrick Downes

2

**MANTEAU DOWNES LLP**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Tel. 310-497-1780
pdownes@manteaudownes.com
*Attorneys for Defendant Robin Lehner*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| ECLIPSE SERVICE, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 22-CV-757 |
| ) | |
| ROBIN L. LEHNER, et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights
Attn: Michael L. Gravelle, Reg. Agent, 1701 Village Center Circle, Las Vegas, NV 89134

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See attached Rider.

| Place: John R. Schreiber, Esq. O'Neil, Cannon, Hollman, DeJong & Laing, S.C. 111 E. Wisconsin Ave., Ste 1400, Milwaukee, WI 53202 | Date and Time: 11/21/2022 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/18/2022

*CLERK OF COURT*

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Eclipse Service, Inc. _____, who issues or requests this subpoena, are:

John R. Schreiber, 111 E. Wisconsin Ave., Suite 1400, Milwaukee, WI 53202, john.schreiber@wilaw.com, 414-276-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-CV-757

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA
## *Requests for Production*

1) Produce all documents, including (without limitation) applications, contracts, agreements and tax forms, signed by Robin L. Lehner.

2) Produce all contracts, with amendments thereto, between Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights (the "Vegas Golden Knights") and Robin L. Lehner.

3) Produce all documents and emails regarding Robin L. Lehner that contain the word "SolarCode".

4) Produce all correspondence to or from any employee, agent or representative of the Vegas Golden Knights regarding the physical health of Robin L. Lehner.

5) Produce all correspondence to or from any employee, agent or representative of the Vegas Golden Knights regarding the mental health of Robin L. Lehner.

6) Produce the entire file of the Vegas Golden Knights regarding the physical health of Robin L. Lehner.

7) Produce the entire file of the Vegas Golden Knights regarding the mental health of Robin L. Lehner.

8) Produce all reports, evaluations and records prepared by, on behalf of, or for the Vegas Golden Knights regarding the physical health of Robin L. Lehner.

9) Produce all reports, evaluations and records prepared by, on behalf of, or for the Vegas Golden Knights regarding the mental health of Robin L. Lehner.

10) Produce copies of all records prepared by, on behalf of, or for the Vegas Golden Knights regarding the examination or treatment of the physical health of Robin L. Lehner.

11) Produce copies of all records prepared by, on behalf of, or for the Vegas Golden Knights regarding the examination or treatment of the mental health of Robin L. Lehner.

1

# EXHIBIT B



John R. Schreiber
Attorney at Law

Direct: 414.291.4703
John.Schreiber@wilaw.com

Wisconsin's Premier Lawyers & Litigators

October 4, 2022

**Via Email and U.S. Mail**

Patrick Downes, Esq.
Manteau Downes LLP
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
pdownes@manteaudownes.com

Re: *Eclipse Service Inc. v. Solarcode, LLC et al.,* U.S. District Court for the Eastern District of Wisconsin Case No. 22-CV-757

Dear Attorney Downes:

Enclosed please find the following discovery requests in the above-referenced case:

- Second Set of Interrogatories to Defendant Robin Lehner; and
- Second Set of Requests for Production of Documents to Defendant Robin Lehner.

If you have any questions, please feel free to contact me.

Sincerely,

John R. Schreiber

Enclosures

c: Ketajh M. Brown, Esq. (via email only)
Marie-Sophie Revault (via email only)

111 E. Wisconsin Avenue | Suite 1400 | Milwaukee, WI 53202-4870 | PHONE 414.276.5000 | FAX 414.276.6581 | wilaw.com
1329 W. Grand Avenue | Suite 200 | Port Washington, WI 53074 | PHONE 262.284.3407 | FAX 262.284.0442

MERITAS
LAW FIRMS WORLDWIDE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ECLIPSE SERVICE INC.,

        Plaintiff,

v.

                                            Case No. 22-CV-757

SOLARCODE, LLC,
SOLARCODE HOLDINGS, LLC,
ROGER M. LEHNER, and
ROBIN L. LEHNER,

        Defendants.

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT ROBIN L. LEHNER

To:    Robin L. Lehner
        c/o Patrick N. Downes, Esq.
        Manteau Downes LLP
        10100 Santa Monica Boulevard, Suite 300
        Los Angeles, CA 90067

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Eclipse Service Inc., by its attorneys, hereby submits the following interrogatories to Defendant Robin L. Lehner. Please submit answers to these interrogatories to counsel for Plaintiff at the offices of O'Neil, Cannon, Hollman, DeJong & Laing S.C., 111 East Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin 53202, within 30 days of the date of service hereof and in accordance with all applicable rules.

### DEFINITIONS

1.    The definitions set forth in Eastern District of Wisconsin Civil Local Rule 26(d) are incorporated by reference.

1

2. The terms "and" and "or" must be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatories all answers which might otherwise be construed as outside their scope.

3. The terms "you" and "your" refer to Defendant Robin L. Lehner.

4. The term "Plaintiff" means the Plaintiff, Eclipse Service Inc.

5. The term "Litigation" means Case No. 22-cv-757 in the U.S. District Court for the Eastern District of Wisconsin.

6. The term "Complaint" means the Complaint filed on May 10, 2022, in Milwaukee County Circuit Court in Case No. 2022CV3016, and filed as ECF No. 1-2 in the Litigation.

## INSTRUCTIONS

1. Answer each interrogatory below separately and fully in writing, under oath, unless it is objected to, in which event the reasons for such objection must be stated in lieu of an answer. If only a part of the question is objected to, answer the part or parts to which no objection is made.

2. If any form of privilege, whether based on statute or otherwise, is claimed as a ground for not responding to any interrogatory, or any part thereof, each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination as to whether the claim of privilege is valid, shall be set forth in complete detail.

3. If any answer is upon information and belief, in whole or in part, so state and identify each person, document or oral communication that is the source of such information and belief.

4. Where exact information cannot be furnished, estimated or approximate data should be supplied. Designate estimated or approximate data as such and give the basis of such estimate.

5. Reference to any organization, partnership, corporation, or other business entity also includes reference to its employees, officers, shareholders, directors, agents and representatives.

6. In interpreting these interrogatories, definitions and instructions, the use of the singular form of any word includes the plural, and the plural includes the singular, as necessary in order to bring within the scope of the interrogatories all answers which might otherwise be construed as outside their scope.

## INTERROGATORIES

1. Identify all persons who examined or treated you in regard to your physical health during the period of time from January 1, 2019 to present.

2. Identify all persons who evaluated, examined, or treated you in regard to your mental health during the period of time from January 1, 2019 to present.

3. Identify all persons employed by, engaged by, or affiliated with Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights (the "Golden Knights") who examined or treated your physical health during the period of time from January 1, 2019 to present.

4. Identify all persons employed by, engaged by, or affiliated with the Golden Knights who evaluated, examined, or treated your mental health during the period of time from January 1, 2019 to present.

5. Identify all medications you were prescribed or ingested for your mental health issues during the period of time from January 1, 2019 to present.

6. Identify all representatives or agents, certified or uncertified, that were involved with or assisted you in negotiating your player contracts with the Golden Knights.

3

Dated: October 4, 2022

By: _____
Gregory W. Lyons
John R. Schreiber
Christa D. Wittenberg
Attorneys for Eclipse Service Inc.
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone: 414.276.5000
Fax: 414.276.6581
greg.lyons@wilaw.com
john.schreiber@wilaw.com
christa.wittenberg@wilaw.com

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ECLIPSE SERVICE INC.,

      Plaintiff,

v.

SOLARCODE, LLC,
SOLARCODE HOLDINGS, LLC,
ROGER M. LEHNER, and
ROBIN L. LEHNER,

      Defendants.

Case No. 22-CV-757

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROBIN L. LEHNER

To:    Robin L. Lehner
       c/o Patrick N. Downes, Esq.
       Manteau Downes LLP
       10100 Santa Monica Boulevard, Suite 300
       Los Angeles, CA 90067

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Eclipse Service Inc., by its attorneys, hereby submits the following requests for production of documents to Defendant Robin L. Lehner. Please submit responses to these document requests and produce the requested documents to counsel for Plaintiff at the offices of O'Neil, Cannon, Hollman, DeJong & Laing S.C., 111 East Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin 53202, within 30 days of the date of service hereof and in accordance with all applicable rules.

### DEFINITIONS

1.    The definitions set forth in Eastern District of Wisconsin Civil Local Rule 26(d) are incorporated by reference.

1

2. The phrases "related to," "relating to" and "relate to" mean in any way consisting of, referring to, describing, discussing, reflecting, citing, pertaining to, regarding, evidencing, concerning, summarizing or analyzing, whether directly or indirectly, the matter discussed.

3. The terms "and" and "or" must be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requests for production of documents all answers which might otherwise be construed as outside their scope.

4. The terms "you" and "your" refer to Defendant Robin L. Lehner.

5. The term "Plaintiff" means the Plaintiff Eclipse Service Inc.

6. The term "Litigation" means Case No. 22-cv-757 in the U.S. District Court for the Eastern District of Wisconsin.

7. The term "Complaint" means the Complaint filed on May 10, 2022, in Milwaukee County Circuit Court in Case No. 2022CV3016, and filed as ECF No. 1-2 in the Litigation.

## INSTRUCTIONS

1. Answer each request below separately and fully in writing, unless it is objected to, in which event the reasons for such objection must be stated in lieu of an answer. If only a part of the request is objected to, answer the part or parts to which no objection is made.

2. If you refuse to produce any document responsive to any of the requests below, identify the documents being withheld with as much specificity as possible, including the author, date and present custodian, and set forth your reasons for refusing to produce the document.

3. If your refusal to produce any document is based upon the assertion of any privilege, for each document being withheld, state the privilege asserted and the factual basis for the existence of the privilege.

4. If you claim any privilege respecting a portion of any document, redact the privileged matter and produce the non-privileged portions of the document. If any portion of a document is redacted, identify and label within the document itself the portion or portions of the document that have been redacted. In addition, consistent with Instructions No. 2 and 3 above, set forth your reasons for redacting and refusing to produce the redacted portion of the document.

5. As to all document requests, produce all responsive documents and also identify all documents responsive to the requests that once were (but no longer are) within your possession, custody or control, whether or not they are still in existence, identifying the nature of the documents, their contents, and their current whereabouts (if known by you) and provide the name and address of the person last known to have possession and control of such documents.

6. If any of the document requests set forth below require the production of electronically stored documents, data or information (hereinafter, ESI), in order to ensure that your responses are complete, meet the goals set forth in Federal Rule of Civil Procedure 1, and avoid unnecessary costs related to ESI, you are instructed to contact counsel for Defendant before producing any ESI and within thirty days of service of these document requests to discuss information related to the format for production.

7. Reference to any organization, partnership, corporation, or other business entity also includes reference to its employees, officers, shareholders, directors, agents and representatives.

8. In interpreting these requests, definitions, and instructions, the use of the singular form of any word includes the plural, and the plural includes the singular, as necessary in order to bring within the scope of the requests to admit all answers which might otherwise be construed as outside their scope.

3

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents identified in, referred to in, or relied on or reviewed while preparing any of your answers to Plaintiff's Second Set of Interrogatories to Defendant Robin L. Lehner.

2. Produce copies of all healthcare provider records pertaining to the examination or treatment of your physical health during the period from January 1, 2019 to present.

3. Produce copies of all healthcare provider records pertaining to the evaluation, examination, or treatment of your mental health during the period from January 1, 2019 to present.

Dated: October 4, 2022

By: *[signature]*
Gregory W. Lyons
John R. Schreiber
Christa D. Wittenberg
Attorneys for Eclipse Service Inc.
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone: 414.276.5000
Fax: 414.276.6581
greg.lyons@wilaw.com
john.schreiber@wilaw.com
christa.wittenberg@wilaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and accurate copy of the foregoing to be transmitted to all counsel of record as of this date by filing same through the Court's ECF/CM system on November 21, 2022.

*/s/ Patrick Downes*_____
Patrick Downes