# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ECLIPSE SERVICE INC.,

                  Plaintiff,

v.

SOLARCODE, LLC, SOLARCODE HOLDINGS, LLC, ROGER M. LEHNER, and ROBIN L. LEHNER,

                  Defendants.

Case No. 22-CV-757-JPS

**ORDER**

## 1. INTRODUCTION

On November 21, 2022, Defendant Robin L. Lehner ("Robin") filed a motion to quash the October 18, 2022 subpoena served by Plaintiff Eclipse Service Inc. ("Eclipse") on Robin's employer, Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights (the "Golden Knights"). ECF No. 17; ECF No. 17-2. Separately, on December 16, 2022, Eclipse filed a Civil Local Rule 7(h) motion to compel Robin to produce documents responsive to two document requests and to substantively respond to one interrogatory. ECF No. 20. For the reasons set forth herein, the Court grants Robin's motion to quash without prejudice, orders that eight requests set forth in the subpoena issued to the Golden Knights be quashed, and grants Eclipse's motion to compel.

## 2. LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R.

Civ. P. 26(b)(1). "Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeyman Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981).

Nevertheless, the Rule imposes a requirement on the Court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Additionally, the Rules explain that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court is required to "enforce this duty," and "must quash or modify a subpoena that subjects a person to undue burden." *Id.*; Fed. R. Civ. P. 45(d)(3)(A)(iv).

In so analyzing, the Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 8 Cyclopedia of Fed. Proc. § 26:15 (3d ed. April 2022 update). Courts consider factors such as "(1) the relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *Id.*; *Morrow v. Air Ride Techs., Inc.*, No. IP-005-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006).

3.   **RELEVANT FACTS**

This case involves Eclipse's efforts to enforce a promissory note signed by Defendants, including Robin. ECF No. 1. In their answer, Defendants asserted the affirmative defense that "Plaintiff's claims are

barred, in whole or in part, by one or more of Defendants' lack of capacity." ECF No. 2 at 8. It was later clarified between the parties that the lack of capacity defense was specific to Robin. ECF No. 19 at 1.

On October 18, 2022, Eclipse served a subpoena on the Golden Knights seeking production of 11 categories of documents. ECF No. 17-2 at 8. Four of the categories seek documents regarding Robin's physical health. *Id.* Robin argues that these four requests should be quashed[1] because documents relating to his physical health are irrelevant (and, therefore, overbroad and unduly burdensome), as his lack of capacity defense involves only his mental health. ECF No. 17-1 at 3.[2]

For its part, Eclipse argues that it served the subpoena after Robin neglected to produce documents or respond to an interrogatory relating to his physical health. ECF No. 18 at 2–3. In its motion to compel, Eclipse identifies three such discovery requests (two document requests and one interrogatory), explaining that Robin did not object to one of them, even as to his physical health, but objected to the other two on the basis of

---

[1] Eclipse does not oppose Robin's standing to challenge the subpoena.

[2] In his moving brief, Robin also argued that four requests related to his mental health are unduly burdensome because they unnecessarily involve the Golden Knights, when Robin agreed to produce responsive documents himself. *Id.* However, in its opposition, Eclipse explains that the Golden Knights informed it that it has no documents responsive to the categories of requests related to Robin's mental health, thus mooting that portion of the motion to quash. ECF No. 18 at 3. Moreover, in his reply brief, Robin notes that he has already completed his document production of his mental health records, thus mooting that portion of Eclipse's motion to compel. *Id.*; ECF No. 23 at 1.

As a result, this Order analyzes only the parties' respective arguments as to Robin's physical health; specifically, (1) whether Robin should be compelled to respond to the three discovery requests identified by Eclipse that relate to his physical health and (2) whether the four requests regarding physical health in the subpoena to the Golden Knights should be quashed.

overbreadth and/or irrelevance because his defense is not based on his physical health. ECF No. 20 at 1–2. Eclipse maintains that Robin's physical health is relevant because, among other reasons, one's physical health may contribute to one's mental health, and physical health records may contain (or tellingly omit) notes regarding mental health.

**4.     ANALYSIS**

This dispute is the reverse of that which is typically raised when it comes to discovery requests relating to physical and mental health in federal question cases. Most often, one party moves to quash a subpoena, and/or the other party moves to compel, where a patient has agreed to produce physical but not mental health records. *See, e.g.*, *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 983, 989 (N.D. Ill. 2010) (collecting cases). In those cases, because there is no general federal physician-patient privilege, courts undertake an analysis as to waiver of the psychotherapist-patient privilege to determine whether—and to what degree—mental health records must be disclosed. *Id.* (citing *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996)).

However, in this diversity case, Wisconsin law governs privilege, as well as the underlying note. Fed. R. Evid. 501; ECF No. 1-2 at 11. Unlike federal law, Wisconsin law recognizes a physician-patient privilege, but the privilege does not apply where the underlying condition is "an element of [a] claim or defense." *Ranft v. Lyson*, 471 N.W.2d 254, 258 (Wis. Ct. App. 1991) (quoting Wis. Stat. § 905.04(4)(c) ("There is no privilege . . . as to communications **relevant to** . . . the physical, mental or emotional condition of a patient in any proceedings in which the patient relies upon the condition as an element of the patient's claim or defense)) (emphasis added). The same rule applies to Wisconsin's psychotherapist-patient privilege. Wis. Stat. § 905.04(2).

Here, neither party argues privilege, focusing their arguments instead only on relevancy. Nonetheless, in this instance, the analysis collapses. "Wisconsin has long recognized a cause of action to rescind a contract or conveyance based upon the lack of mental competency at the time of the transaction." *Jones by Jones v. Pizon*, 921 N.W.2d 3 (Table), 2018 WL 4179082, at *3 (Wis. Ct. App. Aug. 29, 2018). "**Almost any conduct on the part of the person whose competency is being questioned may be relevant**, in addition to lay and expert testimony and prior and subsequent adjudications of incompetency." *Id.* (emphasis added).

In at least one Wisconsin case, the trial court "relied on [] medical records and daily progress notes" to ascertain a patient's "mental status" and determine her testamentary capacity. *In re Estate of Persha*, 649 N.W.2d 661, 670–71 (Wis. Ct. App. 2002). The Court is accordingly persuaded that physical health records are relevant on the grounds that they may contain notes regarding mental health, as Eclipse suggests. In other cases, courts have held medical records relevant and discoverable to the extent they may "shed light on other contributing causes" of a psychological claim. *Moore v. Chertoff*, No. 00-CV-953, 2006 WL 1442447, at *2 (D.D.C. May 22, 2006) (quoting *Walker v. N.W. Airlines Corp.*, No. 00-CV-2604, 2002 WL 32539635, at *3 (D. Minn. Oct. 28, 2004) (collecting cases across the United States holding the same)).

Within the Seventh Circuit, in *Johnston v. Jess*, the plaintiff argued that her physical health was not discoverable because "she [was] not seeking any damages associated with a physical condition," but rather only for "the alleged emotional distress." 18-CV-882-BBC, 2020 WL 3605629, at *3 (W.D. Wis. July 2, 2020). In response, the defendants argued that the "plaintiff's medical records are relevant because any physical disability or

pre-existing medical condition that plaintiff is suffering from could affect her emotional health." *Id.* The court agreed with the defendants. *Id.* (quoting *Doe v. Oberweis Dairy*, 465 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.")). So too is the Court's decision here. *See also Awalt v. Marketti*, 287 F.R.D. 409, 423 (N.D. Ill. 2012) ("[M]edical records are relevant to [the plaintiff's] claim of . . . severe emotional distress.").

Robin refers the Court to *Cappetta v. GC Services Limited Partnership*, where the court limited discovery seeking "all medical records, regardless of content" to records relating only to the plaintiff's mental and emotional state. 266 F.R.D. 121, 126–27 (E.D. Va. 2009). While *Cappetta* involved a physician, the case law cited in support of this proposition applied the *Jaffee* balancing standard, which the Court discussed above, to disputes related to the waiver of the psychotherapist-patient privilege. *Id.* (citing *Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 707–08 (D. Md. 1997); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 220–21 (D.N.J. 2000)). As explained, Wisconsin law on privilege and the broad scope of relevancy afforded to a defense of lack of capacity carry the day, as do the multitude of courts that have analyzed and denied the claim of irrelevancy Robin raises here. Thus, Robin's physical health is discoverable.[3]

However, the Court agrees with Robin that there are less intrusive means to obtain this discovery than the subpoena served on the Golden Knights. *See, e.g., E.E.O.C. v. Rexnord Indus., LLC*, No. 11-CV-777, 2012 WL

---

[3]A protective order is already in place in this action, which was requested and entered specifically on the bases of Defendants' "medical history, medical records and financial information." ECF No. 16 at 1.

2525652, at *9 (E.D. Wis. June 29, 2012) (holding that medical records are relevant but that the defendant "must seek these documents through a less intrusive means" than subpoenas issued to the plaintiff's former employers). Therefore, the four requests pertaining to Robin's physical health in the subpoena served on the Golden Knights, ECF No. 17-2 at 8, will be quashed. Although Eclipse represents that the issue is moot, *see supra* n.2, the four requests pertaining to Robin's mental health in the subpoena served on the Golden Knights will also be quashed.

For the reasons explained above, the Court will grant Eclipse's motion to compel. Robin must provide responsive documents to the two document requests identified in the motion to compel, ECF No. 20 at 2, within **thirty (30) days** of this Order, and must provide a complete response to the interrogatory identified in the motion to compel, ECF No. 20 at 2, within **fourteen (14) days** of this Order. The time range covered by these requests—January 1, 2019 to either the present or to January 13, 2022—is reasonable, given that the note at issue was signed on January 13, 2022. If Robin neglects to comply with the terms of this Order, Eclipse may move to strike the lack of capacity defense.

Following exhaustion of these "lesser intrusive means . . . to discover the information," and upon a showing that "obtaining the medical information in this manner is inadequate," Eclipse may seek leave of the Court to re-serve the subpoena. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002); *Simon v. Northwestern Univ.*, No. 15-CV-1433, 2017 WL 66818, at *6 n.1 (N.D. Ill. Jan. 6, 2017) (granting motion to quash without prejudice to a showing of "more particularized facts and supporting evidence as discovery continues," and ordering that defendant "seek leave

of this Court to request such a subpoena under the Court's inherent powers to modify a subpoena").

**5. CONCLUSION**

The Court grants Robin's motion to quash without prejudice, ECF No. 17, and grants Eclipse's motion to compel, ECF No. 20, in accordance with the terms of this Order.

Accordingly,

**IT IS ORDERED** that Defendant Robin L. Lehner's motion to quash, ECF No. 17, be and the same is hereby **GRANTED without prejudice**;

**IT IS FURTHER ORDERED** that Request Nos. 4–11, as set forth in the October 18, 2022 subpoena served by Plaintiff Eclipse Service Inc. on Black Knight Sports and Entertainment LLC d/b/a Vegas Golden Knights, ECF No. 17-2 at 8, be and the same are hereby **QUASHED**; and

**IT IS FURTHER ORDERED** that Plaintiff Eclipse Service Inc.'s motion to compel, ECF No. 20, be and the same is hereby **GRANTED**; as set forth in greater detail above, Defendant Robin L. Lehner shall provide responsive documents within **thirty (30) days** of this Order, and substantive interrogatory response within **fourteen (14) days** of this Order.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge