UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ECLIPSE SERVICE INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-00757-JPS ) |
| SOLARCODE, LLC, *et al.* | ) Hon. Judge J.P. Stadtmueller ) ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF
RULE 12(c) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants' Solarcode, LLC, Solarcode Holdings, LLC and Roger M. Lehner (collectively "Defendants"), by and through their attorneys K&L GATES LLP, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby move the Court for Partial Judgment on the Pleadings in respect to the amount of interest applicable to the January 12, 2022 Business Note, and state the following in support:

**I.    INTRODUCTION**

The Court should rule as a matter of law that a 5% interest rate—the legal rate of interest set by the Wisconsin Statutes—is the interest rate applicable to the parties' January 12, 2022 Business Note (the "Note") because the Note lacks a clearly expressed written interest rate. This omission violates unambiguous and well-settled Wisconsin law; and as a direct consequence, requires the statutory legal rate of interest to be imposed in the event Eclipse recovers any amounts due under the Note. In this case, the pleadings only highlight the fact that the Note declares what is purportedly owed, but at the same time also curiously omits exactly how much money Eclipse loaned to Defendants (in actuality, only $514,000.00). Under the instant circumstances, Eclipse's

failure to express a rate of interest in writing is particularly egregious, because by Eclipse's preference, the face of the Note does not even allow for the computation and/or written expression of the applicable rate of interest.

I. **BRIEF BACKGROUND**

  A. **Procedural History/Pertinent Affirmative Defense**

On May 10, 2022, Plaintiff, Eclipse Service Inc. ("Eclipse") filed a two-count complaint ("Complaint") in Milwaukee County Circuit Court naming Defendants' Solarcode, LLC ("Solarcode), Solarcode Holdings, LLC ("Solarcode Holdings"), Roger M. Lehner ("Roger Lehner"), and Robin L. Lehner ("Robin Lehner") and alleging money judgment and turnover of membership interest in Solarcode Holdings.[1] *See* [ECF Dkt. No. 1-2]. On June 30, 2022, Defendants removed this case to the United States District Court for the Eastern District of Wisconsin. *See* [ECF Dkt. No. 1]. Notably pertinent to the instant motion is Defendants' Fifth Affirmative Defense which states the following:

> **FIFTH DEFENSE:** Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the alleged Note's terms provide for payment of interest in violation of the Wisconsin Statutes.

*See* [ECF Dkt. No. 2] at 8.

  B. **The "Note"**

In the Complaint, Eclipse alleges that Defendants are in default of the Note, *see* [ECF Dkt. No. 1-2] at ¶¶ 9-14; and based on Defendants' alleged default, Eclipse asserts it is entitled to damages in the amount of $3,915,000.00 and the turnover of Defendants' membership interest in Solarcode Holdings by virtue of an October 15, 2021 Collateral Assignment of Membership Interest ("Collateral Assignment"). *Id.* at ¶¶ 26-30. The Note does not expressly state the principal

---

[1] On December 30, 2022, Robin Lehner filed a Notice of Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada, Case No. 22-14616. As a result, the instant pleadings are stayed as to Robin Lehner. *See* 11 U.S.C. § 362.

amount that was actually borrowed, nor does it state the amount of interest that is to accrue on the principal amount borrowed. Presumably, a portion of the Note's purported $3,915,000.00 balance is attributable to interest—however, the rate of interest is not clearly expressed in writing as required by the Wisconsin Statutes, and moreover, no interest rate is expressed anywhere in writing within the four corners of the Note. *See id.* at 10-11.

### C. Eclipse's Failure to State a Written "Fixed Rate of Interest"

In regard to the application of interest, Section 1 of the Note stated, in part, that Defendants promised to pay Eclipse, "the sum of $3,915,000.00, plus interest as set forth below[.]" *See id.* at 10 (emphasis added). Section 2 of the Note explained that "[i]nterest shall accrue before maturity (whether by acceleration or lapse of time) at the stated interest rate(s) identified in section 2(a), (b), or (c) below (each a "<u>stated interest rate</u>"), as applicable, on the unpaid balance, calculated as provided in section 2(g) or (h), as applicable, below[.]" *Id.* Following the aforementioned terms in Section 2, Eclipse was directed to "**[Check (a), (b) or (c); only one shall apply]**"; and in response, Eclipse checked Section 2(a) ("Fixed Interest Rate"), and modified the terms of the Note by crossing out the word "Rate" and the percentage sign, and further noted "See above schedule" in the space for the percentage of interest to be written (*i.e.* **Fixed Interest** ~~**Rate**~~ **<u>See above schedule</u>** ~~**%**~~). *See id*. Consequently, Eclipse's modification and removal of the "Fixed Interest Rate" amount effectively eliminated any writing or expression of a fixed interest rate to be applied to the Note.

Further, the "above schedule" Eclipse referred to was Section 1's "Promise to Pay and Payment Schedule" which listed a schedule of payments, but did not list any rate of interest. *See id.* Additionally, Eclipse checked Section 2(f), which stated the following:

> **Compounding. Prior to maturity (whether by acceleration or lapse of time), unpaid and past due interest shall bear interest from its due date at the stated**

> **interest rate then in effect for this Note under Section 2(a), (b), or (c) above, as applicable . . . .**

*See id.* However, due to: (1) Eclipse's selection of Section 2(a) which represented the option of expressing a fixed interest rate to the principal amount of the Note; and (2) Eclipse's modification of the Note resulting in elimination of the option to express a fixed interest rate in writing—Eclipse created a contradiction as to the Note's applicable interest rate which consequently resulted in no "stated interest rate" being expressed, written, or placed into effect. *Id.*

Based on the fact that the Note does not express, state, or articulate an interest rate *in writing* as mandated by Wisconsin law, Defendants respectfully request the Court enter an order pursuant to Fed. R. Civ. P. 12(c) adjudging any interest applicable to the Note as five (5) percent of the amount borrowed, which is the legal rate of interest in Wisconsin pursuant to Wis. Stat. § 138.04.

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." A motion under Rule 12(c) generally requires the court to apply the same well-established standard applicable to a motion under Rule 12(b)(6). Yet, Rule 12(c) is more expansive than Rule 12(b)(6), because when a movant seeks relief under Rule 12(c) based upon the substantive merits of the case rather than a procedural defect cognizable under 12(b)(6), the court applies the standard applicable to a motion for summary judgment. *Alexander v. City of Chi.*, 944 F.2d 333, 336 (7th Cir. 1993). In other words, the difference between Rule 12(c) and Rule 56 is that under Rule 12(c) the court's review is limited to only the pleadings. *Id.* at 336. As a result, "[w]hen the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, [ ] the court can resolve

4

the [issue] on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011).

### III. ARGUMENT

#### A. The Note Fails to Express a Written Rate of Interest in Violation of Wis. Stat. § 138.04.

In this case, the parties agreed to payment of an unspecified fixed interest rate in regard to amounts due under the Note. *See* [ECF Dkt. No. 1-2] at 10. Although contracting parties may generally agree to a rate of interest in excess of Wisconsin's 5% legal interest rate—*the agreed upon rate of interest must be clearly expressed in writing*. Wis. Stat. § 138.04; *Advance Concrete Forms, Inc. v. McCann Constr. Specialties Co.*, 916 F.2d 412, 416 (7th Cir. 1990); *N. Am. Mech., Inc. v. Walsh Const. Co. II, LLC*, 132 F. Supp.3d 1064, 1085 (E.D. Wis. 2015) (holding Wisconsin's statutory interest rate of 5% is appropriate where no written provision in contract provided interest rate); *see also Murray v. Holiday Rambler, Inc.*, 83 Wis.2d 406, 438-39, 265 N.W.3d 513 (1978) ("In the absence of a specific contractual rate of interest, prejudgment interest must be calculated at the legal rate of [Wis. Stat. § 138.04]."); *Singler v. Zurich Am. Ins. Co.*, 855 N.W.2d 707, ¶¶ 27-28 (Ct. App. 2014) (stating same).

It is undisputable that in Section 2(a) Eclipse modified the Note by eliminating the option to articulate a "Fixed Interest Rate," and instead designated a payment schedule listing amounts due on specified dates. *See id.* It is also undisputable that no clear written expression of an applicable rate of interest exists *anywhere* within the terms of the Note, regardless of Eclipse's anticipated payment of compounding pre-judgment unpaid and past due interest in Section 2(f). *Id.* As a result, "[w]here no specific rate of interest is named in a contract for the payment of money, interest will be computed at the legal rate . . . ." *Kilgust Heating Div. of Wolff, Kubly &*

5

*Hirsig, Inc. v. Kemp*, 70 Wis.2d 544, 550, 235 N.W.2d 292 (1975); *Diversified Mgmt. Servs. v. Slotten*, 119 Wis. 2d 441, 351 N.W.2d 176, 181 (Ct. App. 1984) (stating same).

## IV.  CONCLUSION

Based on the fact that the Note does not express a written specific rate of interest for payment of money, in the event of a judgment against Defendants, any interest applied to the Note should be calculated at Wisconsin's legal rate of five (5) percent of the amount borrowed. *E.g. Kilgust Heating Div.*, 70 Wis.2d at 549-50.

Date:  March 24, 2023

By: */s/ Ketajh Brown*
     Ketajh Brown

**K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60602
Tel:  312-807-4328
ketajh.brown@klgates.com

***Attorneys for Defendants Solarcode, LLC, Solarcode Holdings LLC, and Roger M. Lehner***

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I caused a true and correct copy of this Notice of Motion to be served upon counsel of record as of this date by filing same through the Court's ECF/CM system.

*/s/ Ketajh Brown*