UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ECLIPSE SERVICE INC.,

    Plaintiff,

v.                                                              Case No. 22-CV-757

SOLARCODE, LLC,
SOLARCODE HOLDINGS, LLC,
ROGER M. LEHNER, and
ROBIN L. LEHNER[1],

    Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

### INTRODUCTION

Plaintiff Eclipse Service Inc. moves the Court for summary judgment enforcing the terms of a Business Note. Defendants SolarCode, LLC and Roger M. Lehner have made no payments pursuant to the Business Note and are, therefore, in default. Thus, Plaintiff seeks a money judgment awarding the principal sum of $3,915,000, plus costs of collection and interest. Plaintiff also seeks an order enforcing its rights under a Collateral Assignment of Membership Interest that was executed and pledged by Defendant SolarCode Holdings, LLC to secure the Business Note obligations.

### LEGAL STANDARD FOR SUMMARY JUDGMENT

As this Court has stated regarding the standard for summary judgment:

---

[1] Robin Lehner remains a defendant in this action by virtue of his execution of the Business Note at issue. Plaintiff's efforts to enforce his Business Note obligations, however, are automatically stayed by virtue of Mr. Lehner's filing of a petition under Chapter 7 of the U.S. Bankruptcy Code in the District of Nevada on December 30, 2022 (Case No. 22-14616-nmc).

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

The court construes all facts and reasonable inferences in the light most favorable to the non-movant. "At summary judgment a court may not assess the credibility of witnesses, chose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party."

Ultimately, "the non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." But simply "denying a fact that has evidentiary support 'does not transform it into a disputed issue of fact sufficient to survive a motion for summary judgment.'"

*Howell v. Milwaukee Radiologists, Ltd., S.C.*, No. 22-CV-473, 2023 WL 2274395, at *2 (E.D. Wis. Feb. 28, 2023) (internal citations omitted).

## ARGUMENT

**A.  The Business Note Unambiguously Provides that Failure to Make Timely Payment Constitutes an Event of Default, Triggering Acceleration.**

When interpreting an unambiguous contract, the Court need not consult any further than the four-corners of the memorialized agreement. *See Town Bank v. City Real Estate Dev., LLC,* 2010 WI 134, ¶ 33, 330 Wis. 2d 340, 356, 793 N.W.2d 476.

> [W]hen parties to a contract adopt a provision which does not contravene a principle of public policy, and which contains no element of ambiguity, the court has no right, by a process of interpretation, to relieve one of them from any disadvantageous terms which he has actually made.

*Dykstra v. Arthur G. McKee & Co.* 92 Wis. 2d 17, 38, 284 N.W.2d 692 (Ct. App. 1979) aff'd, 100 Wis.2d 120, 301 N.W.2d 201 (1981). "In the guise of construing a contract, courts cannot insert what has been omitted or rewrite a contract made by the parties." *Levy v. Levy,* 130 Wis. 2d 523,

533, 388 N.W.2d 170 (1986). "The time-honored axiom applies here that if parties are allowed to convince courts to reform plainly worded contracts, 'contracts would not be worth the paper on which they are written.'" *Pincus v. Pabst Brewing Co.,* 893 F.2d 1544, 1552, (7th Cir. 1990) quoting *Upton v. Tribilcock,* 91 U.S. (1 Otto) 45, 50, 23 L.Ed. 203 (1875) (As terse as it was, and as unfavorable to Pabst as ensuing events proved it to be, the Pabst-Pincus agreement was not susceptible to more than one construction).

Here, the Business Note entered into by the parties (the "Note") unambiguously provides that Defendants Solarcode, LLC ("SolarCode"), Roger M. Lehner, and Robin L. Lehner (collectively, "Makers") jointly and severally promised to pay to the order of Plaintiff Eclipse Service Inc. ("Eclipse") the sum of $3,915,000 according to the following schedule:

(a) Payment of $60,000.00 due on or before February 15, 2022;
(b) Payment of $30,000.00 due on or before February 28, 2022;
(c) Payment of $30,000.00 due on or before March 15, 2022;
(d) Payment of $30,000.00 due on or before March 31, 2022;
(e) Payment of $765,000 due on or before April 15, 2022; and
(f) Payment of $3,000,000, payable in four (4) annual installments of $750,000 due on or before January 15 of each year beginning in 2023 and continuing until 2026.

*See* Stipulated Statement of Facts at 3-4; Exh. B, §1. The Note further unambiguously provides that the first $60,000 payment due from Makers to Eclipse pursuant to the Note's repayment schedule was to be paid on or before February 15, 2022. *Id*. The Note also unambiguously states that Maker's failure to pay any amount when due under the Note constitutes an event of default. *Id.*; Exh. B, §7. The Note goes on to unambiguously provide that "[u]pon the occurrence of any event of default under this Note, whether cured or uncured, all amounts due under this Note in the amount of $3,915,000.00, plus any other charges arising hereunder, less any payments previously made, shall be due and payable immediately upon such occurrence of any event of default." *Id.*;

Exh. B, §13(e). Given that the foregoing terms of the Note are unambiguous, the Court must give effect to the parties' intentions as stated therein.

      **B.    There Is No Dispute That Makers Failed to Make Timely Payment Pursuant to the Note, an Event of Default Thereunder.**

There is no dispute that on February 15, 2022, Makers failed to make the first scheduled payment to Eclipse pursuant to the Note. *See* Stipulated Statement of Facts at 4; Exh. B. There is similarly no dispute that Makers failed to make any subsequent payment to Eclipse pursuant to the Note. *Id*. A promissory note, such as the Note, is a written contract. *Edwards v. Petrone*, 160 Wis. 2d 255, 258, 465 N.W.2d 847 (Wis. App. 1990) ("The promissory note from [maker] to [lender] is an executed contract. [Lender] delivered $50,000 to [maker] and [maker], in exchange, gave his written promise, the promissory note, to repay the money. Promises were exchanged and nothing more had to be done to complete the contract."). Makers' failures to make any scheduled payment to Eclipse pursuant to the Note constitutes a default and breach thereunder. *See Steele v. Pacesetter Motor Cars, Inc.*, 2003 WI App 242, ¶ 11, 267 Wis. 2d 873, 672 N.W.2d 141 ("'When performance is due, however, anything short of full performance is a breach . . . .'") (quoting Restatement (Second) of Contracts § 235 cmt. B (Am. Law Inst. 1981)); Wis. JI—Civil 3053 (Breach of Contract) (2007).

      **C.    Because of Makers' Default Under the Note, Eclipse is Entitled to Payment of the Unpaid Balance of the Note, Plus Costs of Collection, Plus Prejudgment Interest.**

As noted above, there is no dispute that pursuant to the Note, upon the occurrence of a default by Maker, the unpaid balance of the Note, at Eclipse's option, becomes immediately payable along with any delinquency charges and costs of collection. *See* Stipulated Statement of Facts at 3-4; Exh. B. Additionally, Eclipse is entitled to prejudgment interest on the unpaid, liquidated principal balance of the Note from the time of said default by Makers (February 15,

2022) at the statutory rate of 5% per annum. *See* Wis. Stat. § 138.04; *Estreen v. Bluhm,* 79 Wis. 2d 142, 255 N.W.2d 473 (1977) (a creditor is entitled to interest on a liquidated claim from the time payment was due by the terms of a contract). Thus, by virtue of Defendants' default and breach of the Note, Eclipse is entitled to the remedies available to it under the Note. *See Harris N.A. v. OpenMed Technologies Corp.*, No. 09-C-0944, 2011 WL 2470603, at *3 (E.D. Wis. June 20, 2011) ("[Maker]'s failure to pay [lender] was a default. Consequently, [lender] had the right to call due the unpaid balance and unpaid interest on their note."). Because there is no dispute that Defendants defaulted on the Note, and because the remedies available to Eclipse under the Note are unambiguous, Eclipse is entitled to summary judgment against SolarCode and Roger Lehner, jointly and severally, in the amount of the full outstanding balance of the Note of $3,915,000, plus costs of collection incurred by Eclipse to enforce the Note, including reasonable attorneys' fees[2], plus statutory prejudgment interest commencing on February 15, 2022 at the statutory prejudgment interest rate of 5% per annum on the unpaid liquidated principal balance. *Id.*

      **D.    Defendants' Default Also Entitles Eclipse to Take Possession of Solarcode Holdings' Interest in SolarCode.**

Eclipse and Defendant Solarcode Holdings, LLC ("Solarcode Holdings") are also parties to a Collateral Assignment of Membership Interest. *See* Stipulated Statement of Facts at 4-5; Exh. C. The Collateral Assignment of Membership Interest is a security agreement pursuant to which Solarcode Holdings collaterally assigned to Eclipse its right, title and interest in and to its 100% membership interest in SolarCode as security for Makers' payment and performance obligations under the Note. SolarCode Holdings further agreed that, in the event of Makers' default under the Note, Eclipse would be entitled to exercise its rights to the assigned membership interest, including

---

[2] *See* Wis. JI—Civil 3760 (1994)

taking possession of the membership interest and placing the same in Eclipse's name. *Id.* at 4-5. As set forth above, there is no dispute that Makers defaulted under the Note.

"After default, a secured party has the rights provided in this subchapter and, except as provided in s. 409.602, those provided by agreement of the parties. A secured party: (a) May reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure; and (b) If the collateral is documents, may proceed either as to the documents or as to the goods they cover." Wis. Stat. § 409.601(1)(a)-(b).

Accordingly, Eclipse is entitled to summary judgment determination against Solarcode Holdings (a) declaring that the Collateral Assignment of Membership Interest secures payment of Makers' obligations under the 2022 Note, as such obligations may be reduced to a money judgment, (b) foreclosing upon Solarcode Holdings' entire membership interest in SolarCode that was collaterally assigned to Eclipse, and (c) ordering that SolarCode Holdings transfer such membership interest to Eclipse.

**CONCLUSION**

For the reasons stated herein, Plaintiff Eclipse Service Inc. respectfully requests that the Court grant its Motion for Summary Judgment and order that Plaintiff is entitled to a money judgment against Defendants Solarcode, LLC and Roger Lehner, jointly and severally, in the unpaid principal amount under the Note ($3,915,000), plus statutory prejudgment interest commencing on February 15, 2022 (Maker's default under the Note) at the statutory prejudgment interest rate of 5% per annum on the unpaid liquidated principal balance, plus its costs of collection, including without limitation its reasonable attorneys' fees, and that Plaintiff be allowed to file an application for an award of its attorneys' fees and costs at a time to be heard as set by the Court.

Plaintiff further requests that this Court grant its Motion for Summary Judgment against Defendant Solarcode Holdings, LLC and enter an order (a) declaring that the Collateral Assignment of Membership Interest secures payment of Makers' obligations under the 2022 Note, as such obligations may be reduced to a money judgment, (b) foreclosing upon Solarcode Holdings' entire membership interest in SolarCode that was collaterally assigned to it, and (c) ordering that SolarCode Holdings transfer such interest to Eclipse.

Dated: March 31, 2023

By: *s/ John R. Schreiber*
Gregory W. Lyons
John R. Schreiber
Christa D. Wittenberg
Attorneys for Eclipse Service Inc.
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone: 414.276.5000
Fax: 414.276.6581
greg.lyons@wilaw.com
john.schreiber@wilaw.com
christa.wittenberg@wilaw.com