UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| ECLIPSE SERVICE INC., | |
|---|---|
| Plaintiff, | Case No. 22-CV-757-JPS |
| v. | |
| SOLARCODE, LLC, SOLARCODE HOLDINGS, LLC, ROGER M. LEHNER, and ROBIN L. LEHNER, | **ORDER** |
| Defendants. | |

On June 2, 2023, the Court granted in part and denied in part Plaintiff Eclipse Service Inc.'s ("Plaintiff") motion for summary judgment and denied Defendants SolarCode, LLC, SolarCode Holdings, LLC, and Roger M. Lehner's (together, "Defendants") motion for judgment on the pleadings. ECF No. 49. Because the proceedings are stayed as against Defendant Robin L. Lehner, *see* ECF No. 26 and 11 U.S.C. § 362, the Court explained that it would enter partial final judgment based on this holding. ECF No. 49 at 1 n.1 and 15–16. Specifically, the Court held that "[d]espite the stay as to Defendant Robin L. Lehner, there is no just reason to delay judgment as to the other Defendants given [Plaintiff's] right to immediate payment and the fact that the stay may be lengthy." *Id.* at 15–16 (citing Fed. R. Civ. P. 54(b)).

The Court further noted that the partial final judgment would operate against Defendants jointly and severally, and that it would award Plaintiff its reasonable attorneys' fees and costs, as well as prejudgment interest. *Id.* at 16; *see also* ECF No. 37 at 4 (seeking only prejudgment

interest). However, the Court explained that it could not enter partial final judgment without a precise calculation of prejudgment interest. ECF No. 49 at 16 (citing *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994)). Accordingly, the Court ordered the parties to meet and confer to endeavor to agree on the amounts of reasonable attorneys' fees and costs, as well as the precise amount of prejudgment interest "at a rate of 5% per annum, commencing on Defendants' date of default: February 15, 2022"; in the event the parties could not agree, the Court set a briefing schedule. *Id.* at 15–16; *see also id.* at 19.

Finally, the Court held that, upon determination of these outstanding issues and entry of partial final judgment, it would administratively close the action pending the lifting of the stay as to Defendant Robin L. Lehner. *Id.* at 1 n.1. True to its word, the Court will do so with this Order, and will further order that Plaintiff file a notice with the Court when the stay may be lifted.

Now before the Court is Plaintiff's brief on the precise calculation of prejudgment interest and the amount of reasonable attorneys' fees and costs. ECF No. 50. Defendants did not file an opposition to the brief, and Plaintiff states in its brief that "Defendants' counsel told Plaintiff's counsel that Plaintiff's calculation of prejudgment interest and legal fees and costs due to Plaintiff were reasonable, and that Defendants' counsel did not anticipate objecting to Plaintiff's proposed prejudgment interest and legal fee and cost award as unreasonable." *Id.* at 3.

With respect to prejudgment interest at a rate of 5% per annum, commencing on Defendants' date of default, Plaintiff used TValue 6, an amortization software program, and calculated that, as of July 5, 2023, interest had accrued in the amount of $270,295.89, and that additional

interest would accrue at a rate of $536.30 per day thereafter. *Id.* By the Court's estimation, Plaintiff's calculation is based on simple interest, not compounded interest, which, under Wisconsin law, is appropriate "in contract cases unless the contract specifies otherwise." *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 964 F.2d 694, 696 (7th Cir. 1992). For that reason, and given the lack of objection from Defendants, the Court will award prejudgment interest, based on Plaintiff's calculation, in the total amount of $288,530.09. This amount represents the accrual of $270,295.89 as of July 5, 2023, plus an additional $536.30 per day through the date of the partial final judgment to be entered today, August 8, 2023 (i.e., for 34 days).

As to reasonable attorneys' fees and costs, Plaintiff requests a total of $209,843.51. ECF No. 50 at 8. To support the request, Plaintiff has divided the litigation into two timeframes: pre-bankruptcy of Defendant Robin L. Lehner and post-bankruptcy of Defendant Robin L. Lehner. *Id.* at 6. For those fees and costs calculated pre-bankruptcy, Plaintiff has applied a 25% reduction to account for time spent litigating the case as against Defendant Robin L. Lehner. *Id.* at 2, 6. For those fees and costs calculated post-bankruptcy, Plaintiff has excluded "the amount of two courtesy discounts it received from its counsel." *Id.* at 5. Plaintiff applies a slightly lower hourly rate per attorney for the pre-bankruptcy time, presumably to account for those attorneys' slightly lesser experience at that early stage of the litigation. *Id.* Plaintiff seeks hourly rates ranging from $241.94/hour to $450/hour, depending on experience. *Id.* at 6.

"When fees are shifted by contract, the applicable standard is one of commercial reasonableness." *Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC*, No. 17-CV-1576, 2021 WL 308545, at *3 (E.D. Wis. Jan. 29, 2021) (citing *Matthews v. Wis. Energy Corp.*,

642 F.3d 565, 572 (7th Cir. 2011)). "A determination of commercial reasonableness does not require a 'detailed, hour-by-hour review' of a prevailing party's billing records." *Id.* (quoting *Matthews*, 642 F.3d at 572). Instead, "[t]he goal of the court is to 'guard against moral hazard—the tendency to take additional risks (or run up extra costs) if someone else pays the tab." *Id.* (quoting *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999)). Factors relevant to the analysis include (1) the "aggregate costs in light of the stakes of the case and [the] opposing party's litigation strategy," (2) the party's "willingness to pay" the fees sought, and (3) "substantial success" on the merits. *Matthews*, 642 F.3d at 572–73 (citations omitted).

All three factors are met here. Plaintiff initiated this suit seeking a money judgment in the amount of almost $4 million. ECF No. 49 at 7. The fees sought are a fraction of that amount. Defendants pursued an aggressive litigation strategy; they filed a motion for judgment on the pleadings that briefed out alongside Plaintiff's motion for summary judgment. ECF No. 29. Plaintiff appears to have aggressively pursued discovery as well. ECF No. 19-1 at 1 (listing nine sets of discovery requests to Defendants, not including those addressed to Defendant Robin L. Lehner). The client discount indicates that Plaintiff is willing to pay the amount Plaintiff seeks, which excludes the amount of the discount. Finally, Plaintiff achieved substantial success. Plaintiff's motion for summary judgment was granted as to the monetary judgment, and Plaintiff's claim for a membership interest in SolarCode, LLC, though dismissed, was not brought or pursued in bad faith. *See Matthews*, 642 F.3d at 573 ("[A] 'losing party is not entitled to a reduction in attorney's fees for time spent on unsuccessful claims, if the winning party achieved substantial success and the unsuccessful claims

were brought and pursued in good faith.'") (quoting *Metavante Corp. v. Emigrant Savings Bank*, No. 05-CV-1221-JPS, 2009 WL 4556121, at *3 (E.D. Wis. Nov. 27, 2009), *aff'd*, 619 F.3d 748 (7th Cir. 2010)).

Next, Plaintiff's counsel's billing rates are reasonable, given the complex nature of this case. *Compare Alberth v. S. Lakes Plumbing & Heating, Inc.*, No. 19-CV-62, 2021 WL 2779038, at *5 (E.D. Wis. July 2, 2021) ($450/hour is reasonable for consumer law case), *with Ellis v. Whitewater Auto, Inc.*, __ F. Supp. 3d__, No. 20-CV-37-JPS, 2023 WL 2570329, at *3 (E.D. Wis. Mar. 20, 2023) ("'[T]here is a dearth of authority supporting a reasonable hourly rate of $450/hour' in FLSA cases." (citation omitted)). Therefore, for all these reasons and in the absence of an opposition from Defendants, the Court will award Plaintiff $209,843.51 in reasonable attorneys' fees and costs.

Finally, although the Court typically awards reasonable attorneys' fees and costs as two separate figures, there is no requirement that it do so. *See, e.g.*, *Alberth*, 2021 WL 2779038, at *7. Plaintiff has submitted a request with the figures combined in such a manner that the Court cannot extricate the two. Plaintiff does not request any taxing of the costs; therefore, the Court will enter partial final judgment in the manner Plaintiff requests.

Accordingly,

**IT IS ORDERED** that Plaintiff Eclipse Service Inc.'s unopposed calculation of prejudgment interest and reasonable attorneys' fees and costs, ECF No. 50, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendants SolarCode, LLC, SolarCode Holdings, LLC, and Roger M. Lehner, jointly and severally, shall pay to Plaintiff Eclipse Service Inc. prejudgment interest in the amount of $288,530.09;

**IT IS FURTHER ORDERED** that Defendants SolarCode, LLC, SolarCode Holdings, LLC, and Roger M. Lehner, jointly and severally, shall pay to Plaintiff Eclipse Service Inc. reasonable attorneys' fees and costs in the amount of $209,843.51;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **TERMINATED** as to Defendants SolarCode, LLC, SolarCode Holdings, LLC, and Roger M. Lehner; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **ADMINISTRATIVELY CLOSED**; Plaintiff Eclipse Service Inc. shall **FILE** a notice when the stay may be lifted as to Defendant Robin L. Lehner.

The Clerk of Court is directed to enter partial final judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge