

John R. Schreiber • Attorney • john.schreiber@wilaw.com

January 10, 2024

**VIA ECF**

Honorable JP Stadtmueller
US Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

Re: Eclipse Service Inc. v. SolarCode, LLC, et al.
Case No. 22-CV-757-JPS

Dear Judge Stadtmueller:

On June 2, 2023, the Court issued a written Order granting in part Plaintiff Eclipse Service Inc.'s motion for summary judgment and denying Defendants SolarCode, LLC, SolarCode Holdings, LLC, and Roger M. Lehner's (collectively, the "Defendants") motion for judgment on the pleadings. ECF No. 49.

The Court's June 2, 2023 Order did not, however, apply to Defendant Robin L. Lehner due to the fact he filed a petition for bankruptcy relief in the United States Bankruptcy Court for the District of Nevada (Case No. 22-14616-NMC) (the "Bankruptcy Case"), thus triggering the automatic stay provided under 11 U.S.C. § 362.

On August 8, 2023, the Court issued a second written Order granting Plaintiff's demand for prejudgment interest and reasonable attorneys' fees and costs, and such amounts were added to the money judgment rendered in the June 2, 2023 Order. ECF No. 53. The Court's August 8, 2023 Order further directed Plaintiff to file a notice with the Court when the bankruptcy stay has been lifted as to Defendant Robin L. Lehner.

I write to notify the Court that on December 20, 2023 an Order of Discharge was issued in the Bankruptcy Case. While an order of discharge operates to lift the automatic stay (*see* 11 U.S.C. § 362(c)(2)), the discharge itself operates as an injunction against any act to collect or recover a discharged debt as a personal liability of the debtor. *See* 11 U.S.C. § 524(a)(2). Because the automatic stay and the discharge injunction operate in similar ways, bankruptcy courts generally apply a similar analysis to whether certain actions violate the stay and the discharge injunction.

Plaintiff has filed an adversary complaint against Robin L. Lehner in the United States Bankruptcy Court for the District of Nevada (Case No. 23-01094-NMC) (the "Adversary Case"), seeking a determination that Robin L. Lehner's debt to Plaintiff is non-dischargeable under the bankruptcy code. Since a dispute remains as to whether Robin L. Lehner's debt to Plaintiff is a discharged debt, the discharge injunction under Section 524(A)(2) of the

bankruptcy code operates to enjoin Plaintiff from enforcing and collecting its claim against Robin L. Lehner until a determination is made in the Adversary Case as to whether such claim is non-dischargeable.

Accordingly, Plaintiff respectfully requests that the Court continue to treat the present case as administratively closed. Plaintiff will advise the Court upon termination of the discharge injunction once a judicial determination is made in the Adversary Case as to whether Plaintiff's claim against Robin L. Lehner is non-dischargeable.

Sincerely,

*/s John R. Schreiber*

John R. Schreiber, Esq.

c: Patrick Downes, Esq. (via ECF)